**Sodi SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73007.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Teresa Salazar, Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Teal Luthy Miller, Esq., Robert M. Loeb, Esq., U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Sodi Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen exclusion proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

▮ The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because it was not filed within ninety days of the BIA's December 29, 1999 order. *See* 8 C.F.R. § 1003.2(c)(2). Singh was not under a final order of exclusion as of March 22, 1999; therefore, the grace period allowing aliens to reopen proceedings for the sole purpose of seeking relief under the Convention Against Torture ("CAT") did not apply to him. *See* 8 C.F.R. § 1208.18(b)(2) (stating that motions to reopen for CAT relief were not governed by the time limitations of 8 C.F.R. § 1003.2(c)(2) for those aliens subject to a final order as of March 22, 1999).

Furthermore, the regulations Singh cites did not require the BIA to inform him about any apparent eligibility for CAT relief. *See* 8 C.F.R. § 1240.11(a)(2) and 8 C.F.R. § 242.17 (1994); *see also Valderrama–Fonseca v. INS,* 116 F.3d 853, 857 (9th Cir.1997) (holding that 8 C.F.R. § 242.17 imposes requirements on immigration

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judges but imposes "no independent requirement on the BIA to identify the types of relief for which an alien might be eligible and to remand to the Immigration Judge in the event that it finds any.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.